UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| KWASI MITCHELL,<br>    Plaintiff,<br>    v.<br><br>LAKE COUNTY, INDIANA, JOHN<br>BUNCICH, LAKE COUNTY SHERIFF,<br>LAKE COUNTY SHERIFF'S DEPARTMENT,<br>JEFFREY KUMOREK, ADMINISTRATOR<br>OF THE JAIL, and MED-STAFF, INC.,<br>    Defendants. | CAUSE NO.: 2:11-CV-91-PRC |

## OPINION AND ORDER

This matter is before the Court on Defendant Med-Staff, Inc.'s Motion to Dismiss for Failure to State a Claim Upon Which Relief May Be Granted [DE 21], filed by Defendant Med-Staff, Inc. ("Med-Staff") on May 27, 2011. Plaintiff Kwasi Mitchell filed a response on June 13, 2011. Med-Staff has not filed a reply, and the time to do so has passed.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *See Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on such a motion, the Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1082 (7th Cir. 2008).

To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint must first comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Second, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 570); *see also Tamayo*, 526 F.3d at 1082. The Supreme Court explained that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotation marks and brackets omitted); *see also Iqbal*, 129 S. Ct. at 1949-50; *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Determining whether a complaint states a plausible claim for relief requires the Court to draw on its judicial experience and common sense. *Iqbal*, 129 S. Ct. at 1950.

In the Motion to Dismiss, Med-Staff argues that the thrust of Plaintiff's complaint against Med-Staff is a "medical malpractice claim . . . shrouded in a 'deprivation of Constitutional rights.'" Def. Mot., p. 2. Med-Staff then argues that Plaintiff failed to comply with the procedural requirements of the Indiana Medical Malpractice Act ("Act"), Ind. Code § 34-18-8-4, which requires a claimant to first present the proposed complaint to a medical review panel in order to obtain an opinion from the panel before filing the complaint in court. Med-Staff argues that, by failing to follow this procedure, Plaintiff cannot state a claim against Med-Staff.

However, the Act also provides that "[a] health care provider who fails to qualify under this article is not covered by this article and is subject to liability under the law without regard to this article. If a health care provider does not qualify, the patient's remedy is not affected by this article." Ind. Code § 34-18-3-1. In support of his response brief, Plaintiff attached a copy of a letter dated February 25, 2011, from the Indiana Department of Insurance which confirms receipt of Plaintiff's proposed complaint and which indicates that the "qualification status" of Med-Staff is "not covered." Pl. Resp., Exh. A. Med-Staff has not filed a reply in support of its motion to argue

why this correspondence is not dispositive of its motion. Accordingly, because Plaintiff followed the procedure required under the Act and because Med-Staff is not covered under the Act, Plaintiff has satisfied the procedural requirements under the Act.

Based on the foregoing, the Court hereby **DENIES** Defendant Med-Staff, Inc.'s Motion to Dismiss for Failure to State a Claim Upon Which Relief May Be Granted [DE 21].

SO ORDERED this 1st day of August, 2011.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc: All counsel of record