UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| KWASI MITCHELL, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:11-CV-91-PRC |
| ) | |
| LAKE COUNTY, INDIANA, et al., ) | |
|     Defendants. ) | |

**OPINION AND ORDER**

This matter is before the Court on a Verified Motion for Relief from Judgment [DE 75], filed by Plaintiff on February 1, 2013. For the reasons set forth below, the motion is denied.

**PROCEDURAL BACKGROUND**

On February 16, 2011, Plaintiff filed his Complaint in the Lake Superior Court against Lake County, Indiana, John Buncich as Lake County Sheriff, the Lake County Sheriff's Department, Jeffrey Kumorek as Administrator of the Lake County Jail, and Med-Staff, Inc. On March 9, 2011, Defendant Lake County, Indiana removed the case to this Court.

On April 28, 2011, Defendant Lake County, Indiana filed an Answer. On May 9, 2011, the Sheriff Defendants filed a Motion to Dismiss for Failure to State a Claim. On May 27, 2011, Defendant Med-Staff, Inc. filed a Motion to Dismiss for Failure to State a Claim and filed an Answer.

On June 30, 2011, Plaintiff filed a Motion to Amend Complaint. On August 1, 2011, the Court granted the Motion to Amend Complaint and denied the Sheriff Defendants' Motion to Dismiss as moot. On August 1, 2011, the Court also denied Med-Staff, Inc.'s Motion to Dismiss.

On August 5, 2011, Plaintiff filed an Amended Complaint against the same Defendants. Count I is against John Buncich and Jeffrey Kumorek in both their individual and official capacities

for alleged violations of Plaintiff's rights under Article 1, Sections 15, 16, and 23 of the Indiana State Constitution and under the Eighth and Fourteenth Amendments of the United States Constitution, brought under 42 U.S.C. § 1983. Count II of the Amended Complaint is against Defendant Med-Staff, Inc. only. Count III is against Lake County Sheriff's Department for alleged violations of Plaintiff's rights under Article I, Sections 15, 16, and 23 of the Indiana State Constitution and under the Eighth and Fourteenth Amendments of the United States Constitution, brought under 42 U.S.C. § 1983.

The Sheriff Defendants filed an Answer on October 3, 2011, Lake County, Indiana filed an Answer on October 4, 2011, and Med-Staff, Inc. filed an Answer on October 14, 2011. On March 29, 2012, the parties filed a Stipulation of Dismissal as to Defendant Lake County, Indiana.

The Sheriff Defendants filed a Motion for Summary Judgment and memorandum in support on June 15, 2012. On July 11, 2012, Plaintiff filed a Verified Motion for Extension of Time. The Court granted the motion, extending the response deadline to September 17, 2012.

On September 17, 2012, Plaintiff filed his response brief and four Affidavits. All four Affidavits are undated.

On September 26, 2012, the Sheriff Defendants filed a reply in support of the Motion for Summary Judgment. The same date, the Sheriff Defendants filed a Motion to Strike Plaintiff Affidavits filed in Response to Motion for Summary Judgment. Plaintiff filed a response on October 6, 2012, and the Sheriff Defendants filed a reply on October 9, 2012.

On January 24, 2013, the Court granted Defendants' Motion to Strike Plaintiffs Affidavits and granted the Motion for Summary Judgment in favor Defendants John Buncich, individually and in his official capacity as Lake County Sheriff, Lake County Sheriff's Department, and Jeffrey

Kumorek, individually and in his capacity as Administrator of the Lake County Jail, on all claims brought against them in the Amended Complaint. On January 13, 2013, Plaintiff and remaining defendant Med-Staff, Inc. filed a Stipulation of Dismissal, and on February 1, 2013, the claims against Med-Staff, Inc. were dismissed with prejudice.

On February 1, 2013, the instant Motion for Reconsideration was filed. Defendants filed a response on February 14, 2013. Plaintiff has not filed a reply, and the time to do so has passed.

The parties orally agreed on the record to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## ANALYSIS

In the instant motion, Plaintiff asks the Court to reconsider its ruling granting the Motion to Strike the Affidavits of Plaintiff and of witnesses Sam Mitchell (Plaintiff's father), Brian Loggman, and Ramsey Alexander offered in support of Plaintiff's response in opposition to the Motion for Summary Judgment. In support, Plaintiff cites Federal Rule of Civil Procedure 60(b)(1), which provides: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).[1]

In their Motion to Strike, Defendants asked the Court to strike the Affidavits because they are undated and because they contain information that is hearsay, lacks personal knowledge, or is

---

[1] Although the instant motion was filed within 28 days of the judgment, Plaintiff is not asserting newly discovered evidence or a manifest error of law or fact under Federal Rule of Civil Procedure 59(e). *See Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006) (discussing a case filed within 10 days of the entry of judgment but finding that the district court properly considered the motion under Rule 60(b) because "the only arguable basis for relief presented in the motion is Rule 60(b)'s 'excusable neglect'" and noting that Rule 59(e) "'does not provide a vehicle for a party to undo its own procedural failures'").

3

otherwise inadmissible. The Court addressed each basis for the Motion to Strike in the January 24, 2013 Opinion and Order.

The Court first granted the Motion to Strike as to all four Affidavits on the ground that they are undated. The Court explained that a federal statute sets forth the requirements for an unsworn declaration made under penalty of perjury, which includes that the statement be made in a writing, that the person states "as true under penalty of perjury," and that the statement be dated. 28 U.S.C. § 1746. The Court went on to note that Defendants recognized that the absence of a date is not, in and of itself, a reason to discount an affidavit or a declaration but contend that courts typically excuse such an omission *only* when extrinsic evidence demonstrates the approximate date of signing. *Brown v. White's Ferry, Inc.*, 280 F.R.D. 238, 244 (D. Md. 2012); *see also Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 475-76 (6th Cir. 2002); *Davis v. Wells Fargo Bank*, 685 F. Supp. 2d 838, 842 (N.D. Ill. 2010).

The Court then found that Plaintiff had offered no response to this argument much less any extrinsic evidence demonstrating the approximate date of signing. As a result, the Court granted the Motion to Strike on the basis that the Affidavits are undated, striking the Affidavits of Plaintiff Kwasi Mitchell, his father Sam Mitchell, and fellow inmates Brian Loggman and Ramsey Alexander submitted by Plaintiff in support of his response to the Motion for Summary Judgment. On its own motion, the Court also struck an undated Affidavit offered in support of Defendants' Motion for Summary Judgment.

In addition, the Court went on to consider Defendants' substantive arguments for striking specific paragraphs of each of the four Affidavits, additionally striking several paragraphs of each Affidavit on these alternate grounds. Plaintiff does not discuss, contest, or even acknowledge those

rulings in the instant motion.

Rather, Plaintiff now asserts that there is in fact extrinsic evidence to demonstrate the approximate time the Affidavits were signed and posits that the failure to date the Affidavits was a "mistake and oversight on the part of counsel." In support, Plaintiff offers Exhibit A, which is a photocopy of a one-page printout from what appears to be an electronic office calendar for the date August 10, 2012, with an entry for 12:00-12:30 PM with a "description" of "Kwasi Mitchell: 210-[xxxx]." Counsel states in the Verified Motion that, on August 10, 2012, Plaintiff and his father came to counsel's office to read and sign their Affidavits and that they did sign and date the Affidavits that date. Counsel then states that he gave the unsigned Affidavits of Brian Loggman and Ramsey Alexander to Plaintiff on August 10, 2012, and that Plaintiff later returned the signed Affidavits to counsel on September 17, 2012.

The Court finds that Plaintiff has not demonstrated a sufficient basis for reconsideration of the order granting the Motion to Strike the four Affidavits on the basis that they were undated. Although counsel states in the Verified Motion that it was a "mistake and oversight" on his part not to date any of the four Affidavits, as required by law, Plaintiff offers no explanation, or even any argument as to mistake or excusable neglect, for why counsel did not address the issue of the undated Affidavits in response to Defendants' Motion to Strike when he had the opportunity. Plaintiff offers no explanation for why counsel did not assert "mistake and oversight" in response to Defendants' Motion to Strike or why counsel did not offer any "extrinsic evidence" to demonstrate the approximate date of the Affidavits in response to the Motion to Strike. "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *See Caisse*

*Nationale de Credit Agricole v. CBI Indus., Inc.,* 90 F.3d 1264, 1270 (7th Cir. 1996); *see also Rutledge v. United States*, 230 F.3d 1041, 1052 (7th Cir. 2000) ("Rule 60(b) motions cannot be used to present evidence that with due diligence could have been introduced before judgment on the motion from which the party is seeking relief."). Plaintiff should have raised these arguments in response to the Motion to Strike.

Notably, Plaintiff does not seek reconsideration of the Court's alternate ruling on the merits of the Motion to Strike, striking paragraphs from the Affidavits on evidentiary grounds. Moreover, other than a broad statement that "this additional evidence . . . [is offered] to suggest a genuine issue of material fact," Plaintiff offers no suggestion of how the remaining paragraphs of the Affidavits would have changed the Court's substantive ruling on summary judgment.

## CONCLUSION

Based on the foregoing, the Court hereby **DENIES** the Verified Motion for Relief from Judgment [DE 75].

SO ORDERED this 4th day of April, 2013.

                                                         s/ Paul R. Cherry
                                                         MAGISTRATE JUDGE PAUL R. CHERRY
                                                         UNITED STATES DISTRICT COURT

cc:    All counsel of record